**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| RAY A. MCINTOSH SR., <br><br> Plaintiff, <br> v. <br><br> LOCKHEED MARTIN CORP., and <br> JOHN DOE, INC., <br><br> Defendants. | CASE NO. 1:22-cv-60 <br> JURY TRIAL DEMANDED |

**DEFENDANT LOCKHEED MARTIN CORP.'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Lockheed Martin Corporation ("Lockheed Martin"), by its undersigned attorney, hereby files this Notice of Removal from the Superior Court of the Virgin Islands, Division of St. Croix to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal. In support thereof, Lockheed Martin respectfully states as follows:

**I.    PRELIMINARY STATEMENT**

1.    The removed case is a civil action brought by Plaintiff Ray A. McIntosh, Sr. ("Plaintiff"), on or about August 7, 2022 in the Superior Court of the Virgin Islands, Division of St. Croix, and is entitled *Ray A. McIntosh v. Lockheed Martin Corp., and John Doe, Inc.*, No. SX-2022-CV-00389. Exhibit 1.

2.    The Complaint alleges negligence-based claims against Lockheed Martin Corporation ("Lockheed Martin") and John Doe, Inc. ("Doe Defendant"). *Id.* Plaintiff has not identified the fictitiously named Doe Defendant within the caption of the Complaint and likewise has not served that defendant with the Complaint. Plaintiff does, however, allege that the Doe

1

Defendant is "Cosmogony II, Inc."), a non-diverse company that has been subject to bankruptcy proceedings since June 13, 2022. *Id*. at ¶ 4.

3. Lockheed Martin removes this action under 27 U.S.C. §§1332(a) and 1441(b) on the grounds that complete diversity of citizenship exists between Plaintiff and Lockheed Martin, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Removal is proper on the grounds that, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the citizenship of Defendant John Doe, Inc., which has not been served with the Complaint, must be disregarded for purposes of diversity jurisdiction.[1]

4. Removal is also proper because this Court has original jurisdiction over this action under 28 U.S.C. § 1334 since Defendant John Doe, Inc., which Plaintiff expressly represents is a pseudonym for Cosmogony II, Inc. ("Cosmogony"), has been in bankruptcy since June 13, 2022. This action could conceivably have an effect on the administration of the bankruptcy estate and is therefore "related to" Cosmogony's bankruptcy case.

## II. BACKGROUND

5. On August 7, 2022, Ray McIntosh, Sr. filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, styled *Ray McIntosh Sr. v. Lockheed Martin Corp., and John Doe, Inc.*, No. SX-2021-CV-00389. Exhibit 1. On October 12, 2022, McIntosh served the Complaint on Lockheed Martin's registered agent via U.S. mail.

6. Accordingly, this Notice is being filed within thirty (30) days after receipt by Lockheed Martin of the initial pleading setting forth the claim upon which the action is based, as

---

[1] Even if this Court considers the diversity of the fictitious defendant here, removal is still proper, as that entity has not been served with the Complaint in this action. 28 U.S.C. §1441(b) (removal is proper "if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added).

required by 28 U.S.C. § 1446(b)(1).  Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process and pleadings served on Lockheed Martin is attached hereto as Exhibit 2, which is incorporated herein by reference.

7. Plaintiff's Complaint asserts negligence-based claims against both defendants, predicated on injuries Plaintiff allegedly incurred as a result of his employment at the St. Croix alumina refinery ("Alumina Refinery") from 1974 to 1989.  *See* Compl., Exhibit 1, ¶¶ 7, 14.

8. The forum defendant rule outlined in 28 U.S.C. § 1441(b)(2) does not bar removal here on the basis of in-state citizenship because Cosmogony II, Inc. has not been properly served. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added).  This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because there is complete diversity of properly joined and served parties, and the amount in controversy exceeds the sum or value of $75,000.  *Chapin v. Whitecap Inv. Corp.*, No. 2013-42, 2014 U.S. Dist. LEXIS 21214, *4 (D.V.I. Feb. 20, 2014 (citing 28 U.S.C. § 1332(a)).

9. This Court has jurisdiction for the additional reason that the action is "related to" the bankruptcy proceeding involving Cosmogony, which was ongoing months before Plaintiff filed his Complaint in this civil action.  28 U.S.C. § 1334.

### III. REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

#### A. Diversity of Citizenship Exists Among Properly Named and Served Parties.

10. Upon information and belief, Plaintiff is, and was at the time of the filing of this action, a resident and citizen of St. Croix, United States Virgin Islands.  Exhibit 1 ¶ 1.

11. Defendant Lockheed Martin is a Maryland corporation having its principal place of business in Maryland.

12. Plaintiff has represented that Defendant "John Doe, Inc." is Cosmogony, which is alleged by Plaintiff to be a U.S. Virgin Islands corporation with its principal place of business in the U.S. Virgin Islands. *Id.* ¶ 4. It is alleged by Plaintiff to be the successor-in-interest to General Engineering Corporation. *Id.*

13. In determining whether a civil action is removable on the basis of diversity jurisdiction "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added). *See also Vento v. Certain Underwriters at Lloyds*, 2019 WL 2402971, *2 n.6 (D.V.I. 2019) ("Where removal is based on diversity of citizenship, the citizenship of defendants sued under fictitious names shall be disregarded. Thus, the naming of ABC Corporations as fictitious defendants does not destroy diversity.") (internal quotations omitted).

14. Plaintiff here represents that "John Doe, Inc., is currently in an alleged involuntary Chapter 7 bankruptcy," and that "Defendant John Doe *will be added as a Defendant* when this bankruptcy is dismissed or when any automatic stay is lifted[.]" *See* Complaint, Exhibit 1, ¶ 3. (emphasis added). Plaintiff's representation that Cosmogony "will be added as a Defendant" is an admission that, to date, Cosmogony has not been properly joined or served. This admission is fatal to any claim of lack of diversity, which is determined on the basis of citizenship of the parties "properly joined and served" *at the time of filing and removal*. 28 U.S.C. § 1441(b)(2); *see also Rich v. Witt O'Brien's, LLC*, Case No. 1:19-cv-00022, 2021 U.S. Dist. LEXIS 134913, *6 (D.V.I. July 20, 2021) ("Diversity must exist both at the time the state court complaint was filed and at the time of removal") (citation omitted).

15. Disregarding the citizenship of Defendant John Doe, complete diversity exists and this Court has jurisdiction.

### B. The Amount in Controversy Requirement is Satisfied

16. Without conceding liability or the merits of Plaintiff's claims, Plaintiff's claims for damages exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

17. Where, as here, the jurisdictional amount is not alleged, it can nevertheless be determined when it is facially apparent from the complaint itself. Where a complaint does not limit its request to a precise monetary amount, the district court makes "an independent appraisal of the value of the claim." *Angus v. Shiley, Inc.*, 989 F.2d 142, 145–46 (3d Cir. 1993).

18. In this case, a reasonable reading of the Complaint makes clear that the amount in controversy exceeds $75,000. Plaintiff contends he suffers from lung disease after exposures during his employment at the Alumina Refinery. *See* Exhibit 1 ¶¶ 8-9, 11-14. Specifically, Plaintiff alleges that he suffers the following injuries and damages:

- "pneumoconiosis;"
- "shortness of breath, diminished lung capacity, and other respiratory ailments;"
- "pain and suffering;"
- "medical bills;"
- "anticipated medical needs;"
- "increased risk of developing lung cancer, mesothelioma, and other cancers."

Exhibit 1 ¶¶ 11, 13, 15, 17.

19. Claims similar to those asserted by Plaintiff have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 196, 198–200 (3d Cir. 2007) (finding jurisdictional requirement satisfied where Complaint sought compensatory and punitive damages as well as attorneys' fees); *Briggs v. Target Corp.*, No. 14-7165, 2015 U.S. Dist. LEXIS 30796 (D.N.J. March 13, 2015)

(finding that damages likely exceed the amount in controversy based on the totality of the alleged injuries including "great physical pain, loss of enjoyment of life"…"substantial medical expenses"…"debts"..."and required future medical treatment," together with Plaintiff's failure to cap damages at $75,000); *Avant v. J.C. Penney*, C.A. No. 07-1997, 2007 U.S. Dist. LEXIS 44320, at *6 (D.N.J. June 19, 2007) (finding amount in controversy requirement met where plaintiff claimed serious medical conditions and did not demand specific amount of damages).

20. Given the nature and extent of the alleged injuries and damages, the Complaint places at issue more than $75,000, exclusive of interest and costs. "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146.

21. Further, Plaintiff seeks compensatory and punitive damages, as well as interest and costs from Defendants. *See* Exhibit 1 ¶¶ 141-143; Request for Relief.

22. Because Plaintiff alleges severe and permanent injuries and asserts entitlement to punitive damages, and based on the outcome after motion to remand in cases similarly pled, the totality of the circumstances requires this Court to conclude that Plaintiff seeks through this lawsuit in excess of $75,000.00, exclusive of interest and costs. *See Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."); *Angus*, 989 F.2d at 145.

**C. This Action is "Related To" Cosmogony's Chapter 7 Bankruptcy Case in the United States Bankruptcy Court for the District of Puerto Rico.**

23. On June 13, 2022, Glencore filed a petition with the United States Bankruptcy Court for the District of Puerto Rico to place Cosmogony into involuntary bankruptcy under Chapter 7 (the "Bankruptcy Action"). *See In re Cosmogony II, Inc.*, NO. 22-01682 (ESL), 2022 Bankr. LEXIS 3041, *2 (D.P.R. Bankr. Oct. 25, 2022).

6

24. By Order dated October 25, 2022, the Bankruptcy Court in Puerto Rico transferred the Bankruptcy Action and the Adversary Proceeding to the District Court of the Virgin Islands Bankruptcy Division. *Id.* at *32.

25. Pursuant to 28 U.S.C. § 1452 "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452.

26. This Court has original jurisdiction over this action under 28 U.S.C. §1334 because this action is "related to" a bankruptcy case proceeding under Title 11 of the Bankruptcy Code, *i.e.,* Cosmogony's Chapter 7 bankruptcy case pending in the District Court of the Virgin Islands Bankruptcy Division. *See* 28 U.S.C. §1334(b) ("Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.").

27. An action is "related to" a bankruptcy proceeding if it could conceivably have an effect on the debtor's estate. *See, e.g., Pacer, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."); *Fox v. J&J Towne Pharm. (In re J&J Towne Pharm.)*, 2000 Bankr. LEXIS 521, *23 (Bankr. E.D. Pa. May 5, 2000) (explaining that, in the Third Circuit, the test for determining whether an action is 'related to' bankruptcy is "whether the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy."). As the key word in this test is 'conceivable,' the Third Circuit has determined

7

that "[c]ertainty, or even likelihood, is not a requirement." *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir.1999). Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liability, options, or freedom of action or the handling and administration of the bankrupt estate." *Id*.

28. Under 11 U.S.C. §541 (a)(1), this action is an asset of Cosmogony's Chapter 7 bankruptcy estate in the Eastern District of Pennsylvania. *See* 11 U.S.C. §541 (a)(1)(the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interest of the debtor in property as of the commencement of the case").

29. This action is therefore "related to" Cosmogony's Chapter 7 bankruptcy in the District Court of the Virgin Islands Bankruptcy Division because it "could conceivably have an effect on the estate being administered in bankruptcy." *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) (quoting *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

30. Because district courts have "original jurisdiction" over actions that are "related to" a bankruptcy, such cases may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) ("Generally—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

31. On August 7, 2022, Plaintiff filed a Complaint in Superior Court of the Virgin Islands, Division of St. Croix against Lockheed Martin and Doe Defendant. *See* Exhibit 1.

32. On October 12, 2022, Plaintiff served his Complaint on Lockheed Martin. *See* Exhibit 2.

33. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) (requiring a notice of removal to be filed within thirty (30) days of service of the initial pleading).

### III. CONSENT TO REMOVAL

34. John Doe is not a properly served defendant and, therefore, does not need to consent to this removal. 28 U.S.C. § 1446(b)(2)(a) ("all defendants who have been properly joined *and served* must join in and consent to the removal of the action") (emphasis added).

### IV. VENUE IS PROPER

35. The District Court of the Virgin Islands is the federal district encompassing the Superior Court of the Virgin Islands, Division of St. Croix, where this suit originally was filed. The action is therefore being removed to the District Court for the district embracing the place where the action is pending, in accordance with 28 U.S.C. §1441(a).

### V. FILING OF REMOVAL PAPERS

36. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being given simultaneously to Plaintiff and a copy of the Notice of Removal will be filed promptly with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

### VI. CONCLUSION

Complete diversity exists between Plaintiff and Lockheed Martin—the only properly joined party to the above captioned case in which the amount in controversy exceeds $75,000.

WHEREFORE, Lockheed Martin hereby gives notice that the matter styled as *Ray A. McIntosh, Sr. v. Lockheed Martin Corp., and John Doe, Inc.*, No. SX-2021-CV-00389, is removed to the District Court of the Virgin Islands, Division of St. Croix.

November 14, 2022

Respectfully Submitted,

*/s/ Kevin A. Rames, Esq*
Kevin A. Rames, Esq.
V.I. Bar Number 193
Semaj I. Johnson, Esq.
V.I. Bar Number 1151
Law Offices of K.A. Rames, P.C.
2111 Company Street, Suite 3
Christiansted, VI 00820
Telephone: (340) 773-7284
Facsimile: (340) 773-7282
kevin.rames@rameslaw.com
semaj.johnson@rameslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to all counsel of record and caused a copy of this document to be served upon the following via email:

| | |
|---|---|
| Korey A. Nelson, Esq. | Warren T. Burns, Esq. |
| H. Rick Yelton, Esq. | Daniel H. Charest, Esq. |
| BURNS CHAREST LLP | BURNS CHAREST LLP |
| 365 Canal Street, Suite 1170 | 900 Jackson Street, Ste. 500 |
| New Orleans, LA 70130 | Dallas, TX 75202 |
| Telephone: (504) 799-2845 | Telephone: (469) 904-4550 |
| knelson@burnscharest.com | wburnes@burnscharest.com |
| ryelton@burnscharest.com | dcharest@burnscharest.com |

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 890                   */s/ Kevin A. Rames, Esq*
St. Thomas, USVI 00804         Kevin A. Rames, Esq
Telephone: (340) 777-7283
pate@sunlawvi.com
sunlawvi@gmail.com

.